IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Criminal No. |
| | ) | |
| v. | ) | Count One: 18 U.S.C. § 371 |
| | ) | (Conspiracy) |
| | ) | Count Two: 18 U.S.C. § 201 |
| ROBERT J. STEIN, JR., | ) | (Bribery) |
| | ) | Count Three: 18 U.S.C. § |
| Defendant. | ) | 1956(h) (Money Laundering |
| | ) | Conspiracy) |
| | ) | Count Four: 18 U.S.C. § |
| | ) | 922(g)(1)(Felon in Possession |
| | ) | of Firearm) |
| | ) | Count Five: 18 U.S.C. §§ |
| | ) | 922(o)(Possession of a Machine |
| | ) | Gun) and 2 (Aiding, Abetting, |
| | ) | and Causing) |

**PLEA AGREEMENT**

The Asset Forfeiture and Money Laundering Section, Public
Integrity Section, and Fraud Section of the Criminal Division,
United States Department of Justice, (hereinafter the
"Government") and Defendant Robert J. Stein, after consulting
with his attorney, hereby agree and enter into the following Plea
Agreement pursuant to Rule 11 of the Federal Rules of Criminal
Procedure:

**Plea and Maximum Sentence**

1.   The Defendant is entering into this agreement and is
pleading guilty freely and voluntarily without promise or benefit
of any kind, other than contained herein, and without threats,

force, intimidation, or coercion of any kind. The Defendant knowingly, voluntarily, and truthfully admits the facts contained in the Factual Basis for Plea, attached hereto as Attachment A.

2.    The Defendant agrees to waive indictment and plead guilty to a five-count Information charging him with one count of conspiracy in violation of 18 U.S.C. § 371; one count of bribery in violation of 18 U.S.C. § 201; one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h); one count of being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); and one count of possession of a machine gun in violation of 18 U.S.C. § 922(o).  The Defendant admits that he is guilty of these crimes, that he is pleading guilty because he is guilty, and that he understands that he will be adjudicated guilty of these offenses.

3.    The Defendant understands the nature of the offenses to which he is pleading guilty, and the elements thereof, including the penalties provided by law.  The maximum penalties for Count 1 charging him with a violation of 18 U.S.C. § 371 are five (5) years of imprisonment and a fine of $250,000; the maximum penalties for Count 2 charging him with a violation of 18 U.S.C. § 201 are 15 years of imprisonment and a fine of $250,000 or three times the monetary equivalent of the articles of value provided to the public official or officials, whichever is

2

greater; the maximum penalties for Count 3 charging him with a violation of 18 U.S.C. § 1956(h) are 20 years of imprisonment and a fine of $500,000; the maximum penalty for Count 4, charging him with a violation of 18 U.S.C. § 922(g)(1), are ten (10) years of imprisonment and a fine of $250,000; and the maximum penalty for Count 5, charging him with a violation of 18 U.S.C. § 922(o), are ten (10) years of imprisonment and a fine of $250,000. The Defendant also understands that the Court may impose a term of supervised release to follow any incarceration in accordance with 18 U.S.C. § 3583, and that, in this case, the authorized term of supervised release is at least to but not more than five years. The Defendant also understands that the Court is required to order restitution to victims and to require him to pay the costs of incarceration and supervision, and that he will be required to pay a mandatory special assessment of $100 per count of conviction.

4.    If the Court accepts the Defendant's pleas of guilty, and the Defendant fulfills each of the terms and conditions of this Plea Agreement, the Government, as defined above, agrees that it will not further prosecute the Defendant for crimes arising from the facts set forth in the Factual Basis for Plea, attached as Exhibit A or for crimes disclosed to the Government during briefings conducted pursuant to this agreement.    This

paragraph does not apply to any "crimes of violence," as that term is defined by 18 U.S.C. § 16, or to any offenses which the Defendant has failed or fails to disclose fully to the Government.   The Defendant also understands that this Plea Agreement affects only criminal charges and shall not be construed, in whole or in any part, as a waiver, settlement, or compromise of any civil or administrative remedies available to any agency or department of the United States or any state or local government.

5.   Prior to the time of sentencing, the Defendant shall pay a special assessment of $500.00 pursuant to 18 U.S.C. § 3013. This payment shall be made to the United States District Court, at the Clerk's Office, 3rd and Constitution Ave., N.W., Washington, DC 20001.   The Defendant shall provide the United States a receipt or other evidence of payment at the time of sentencing.

6.   The Defendant agrees that if the Court does not accept his pleas of guilty, this agreement shall be null and void.

### Advice of Rights

7.   The Defendant, having been advised of his constitutional rights, including his right to a trial by jury, his right to confront and cross-examine witnesses against him, his right to testify if he so chooses and to call witnesses on his behalf, his

4

right to be represented by an attorney at every stage of the
proceedings against him, and his privilege against self-
incrimination, knowingly and voluntarily waives these rights and
privileges and agrees to enter the pleas of guilty as set forth
in this Plea Agreement.

### Sentencing Guidelines and Sentencing Factors

8.   The Defendant understands and agrees that federal
sentencing law requires the Court to impose a sentence which is
reasonable and that the Court must consider the advisory U.S.
Sentencing Guidelines in effect at the time of the sentencing in
determining a reasonable sentence.  Defendant also understands
that sentencing is within the discretion of the Court and that
the Court is not bound by this agreement.  Defendant understands
that facts that determine the offense level will be found by the
Court by a preponderance of the evidence at sentencing and that
in making those determinations the Court may consider any
reliable evidence, including hearsay, as well as provisions or
stipulations in this plea agreement.  Both parties agree to
recommend that the sentencing guidelines should apply pursuant to
United States v. Booker and that they provide a fair and just
resolution based upon the facts of this case.   Defendant agrees
to stipulate to the reasonableness of his sentence imposed under
the Guidelines.   Defendant also states that he has had ample
opportunity to discuss, and has in fact discussed, the impact of

5

the sentencing guidelines and the statutory maximum sentence with his attorney and is satisfied with his attorney's advice in this case.

9.  The parties agree that the Defendant's sentencing is governed by the 2005 edition of the United States Sentencing Guidelines.  The parties further agree that Counts 1 through 3 group pursuant to Section 3D.1.2(d), and that the controlling Guideline applicable to Counts 1 through 3 is U.S.S.G. § 2C1.1, Offering, Giving, Soliciting, or Receiving a Bribe.  The parties agree to recommend the following guideline calculations:

2C1.1(a)(1) Base Offense Level ......................... 14

2C1.1(b)(1) More than One Bribe ....................... 2

2C1.1(b)(2) & 2B1.1(b)(1)(I) Amount of Loss of More than $1,000,000 and less than $2,500,000 .................... 16

2C1.1(b)(3) Public Official in a High-Level Decision-Making or Sensitive position ................................... 4

TOTAL ............................................... 36

10.  The parties agree that Counts 4 through 5 group pursuant to 3D1.2(b), and that the controlling Guideline applicable to Counts 4 and 5 is U.S.S.G. § 2K2.1, Unlawful Receipt, Possession or Transportation of Firearms or Ammunition; Prohibited Transactions Involving Firearms or Ammunition.  The parties agree to recommend the following guideline calculations:

2K2.1(a)(4)(B) Base Offense Level .................. 20

6

2K2.1(b)(1)(C) More than 25 and less than 99 firearms 6

2K2.1(b)(3)(B) Destructive device other than portable

rocket or missile.....2

2K2.1(b)(4) Stolen firearm.. ........................ 2

TOTAL ........................................... 30

11.   The Defendant understands that his Criminal History

Category will be determined by the Court after the completion of

a Pre-Sentence Investigation report by the U.S. Probation Office.

Should the Defendant comply fully with his obligations under this

agreement, the Government will, based on information available as

of the date of this Plea Agreement and subject to satisfactory

debriefings at which the Defendant is entirely truthful and fully

accepts responsibility for his criminal conduct **and continues to**

**accept responsibility for his criminal conduct up to and**

**including the sentencing date,** recommend a downward adjustment of

two (2) levels for acceptance of responsibility under U.S.S.G.

Section 3E1.1, or three (3) levels for acceptance of

responsibility under U.S.S.G. Section 3E1.1 in the event it is

determined that his total offense level is 16 or higher, thus

yielding a predicted net offense level of 33.  The Government,

however, will not be required to make this recommendation if any

of the following occurs: (1) Defendant fails or refuses to make a

full, accurate and complete disclosure to this office or the

probation office of the circumstances surrounding the relevant

offense conduct and his present financial condition; (2) Defendant is found to have misrepresented facts to the United States prior to entering this plea agreement; (3) Defendant commits any misconduct after entering into this plea agreement, including but not limited to, committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official; or (4) Defendant fails to comply with any terms of this plea agreement.

12.   The parties agree to recommend that no adjustment to the guideline level other than those discussed in this agreement is appropriate, and the Defendant agrees to seek no downward departures.   The Government agrees to seek no upward departures, as long as the Defendant is entirely truthful during the course of his cooperation pursuant to this Agreement.

13.   The Defendant is aware that the Government is obligated to advise the Court and the United States Probation Office of all information relevant to sentencing, including, but not limited to, all criminal activity and/or relevant conduct engaged in by the Defendant.   Such information shall be used to calculate the Sentencing Guideline range applicable to the Defendant.   The Defendant acknowledges that the Court has not yet determined a sentence and that any estimate of a probable sentencing range under the guidelines that the Defendant may have received, or may

receive in the future, from his counsel, the Government, or the
Probation Office is a prediction, not a promise, and it is not
binding on the Probation Office or the Court.  The Government
makes no promise or representation concerning the sentence that
the Defendant will receive, and the Defendant cannot withdraw a
guilty plea based on the actual sentence.  The parties understand
that the final determination concerning sentencing rests within
the sole discretion of the Court.

14.  Each party understands that both the Government and the
Defendant may fully participate in the process of the presentence
investigation.

15.  If the Court imposes a sentence with which the
Defendant is not satisfied, he will not be permitted to withdraw
any guilty plea for that reason nor will he be permitted to
withdraw his plea should the Court decline to follow any
recommendations by, or stipulations of, the parties.

### Agreement to Cooperate

16.  The Defendant agrees to provide entirely truthful,
complete and accurate information, and he agrees to cooperate
fully with the Government.  This cooperation shall include, but
is not limited to, the following:

a.  The Defendant agrees to be fully debriefed and to
attend all meetings, at his own expense, at which his

presence is requested, concerning his participation in, and knowledge of, all criminal activities;

b.  The Defendant agrees to withdraw any assertions of privilege and to provide to the Government all documents and other items or material that may be relevant to the investigation and that are in the Defendant's possession, custody or control;

c.  The Defendant agrees to waive any privilege that he may have in connection with interviews of, and testimony by, attorney witnesses with information of, or related to, criminal conduct in which he participated or of which the Defendant has knowledge. Such waiver does not extend to counsel who now represents the Defendant, in connection with the defense of this criminal matter;

d.  The Defendant shall not reveal his cooperation, or any information derived therefrom, to any person other than his attorney of record in this criminal case without the prior consent of the Government; and

e.  The Defendant agrees to testify truthfully, at his own expense, at any proceeding in the District of Columbia or elsewhere as requested by the Government.

17.  The Government agrees that, pursuant to Section 1B1.8

of the Sentencing Guidelines, no information provided by the
Defendant in debriefings or testimony conducted after the date
of, and pursuant to, this Plea Agreement will be used against him
in this case in determining the applicable guideline range for
sentencing or as a basis for an upward departure.

    18.  The Defendant agrees that the Government may meet with
and debrief him without the presence of his attorney, unless the
Defendant specifically requests his attorney's presence at such
debriefings and meetings.  Upon request of the Defendant, the
Government will endeavor to provide advance notice to counsel of
the date, place and time of meetings and debriefings, it being
understood that the Government's ability to provide such notice
may vary according to time constraints and other circumstances.
The Government may accommodate requests to alter the time and
place of such debriefings.  It is understood, however, that any
cancellations or rescheduling of debriefings or meetings
requested by the Defendant that hinder the Government's ability
to prepare adequately for trials, hearings or other proceedings
may adversely affect Defendant's ability to provide substantial
assistance.  Matters occurring at any meeting or debriefing may
be considered by the Government in its determination of whether
the Defendant has provided substantial assistance or otherwise
complied with the letter and spirit of this Plea Agreement, and
may be considered by the Court in imposing sentence regardless of

11

whether counsel was present at the meeting or debriefing.

19.  The Government agrees to consider the nature and extent of the Defendant's cooperation in determining whether he has provided substantial assistance to law enforcement authorities pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e).  The Defendant acknowledges that the determination of whether he has provided substantial assistance is a decision solely within the discretion of the Government.  If the Government in its exclusive discretion concludes that the Defendant has provided substantial assistance to law enforcement authorities pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), the Government may file a motion for a downward departure pursuant to § 5K1.1 or Rule 35 of the Federal Rules of Criminal Procedure.  If such a motion is filed, the Government has the right to make a specific recommendation to the sentencing Court regarding the number of offense levels the Court should depart downward in fashioning an appropriate sentence, and the United States will also advise the court of the full nature, extent and timing of the Defendant's cooperation.

**Bar to Employment by or Business with Federal Government**

20.  The Defendant agrees that he will not solicit or accept employment with the federal government, and will not solicit, conduct, or attempt to conduct any business with the federal government for a period of ten (10) years from the date of sentencing.  This prohibition applies to:  (a) the Defendant,

acting on his own behalf or as an agent or representative of any
individual, organization, or business; and (b) to any individual
or business with whom the Defendant is "affiliated," as that term
is defined in the Federal Acquisition Regulations, at 48 C.F.R.
§ 9.403. The Defendant understands that this prohibition will be
included as a condition of his probation and/or supervised
release, and that a violation of this condition could result in
the Defendant's imprisonment or return to prison.

### No Protection for False Statements or Future Criminal Conduct - Breach of Plea Agreement

21. The Defendant shall at all times give complete,
truthful and accurate information and testimony, and he agrees
not to commit, or attempt to commit, any further crimes.
Defendant understands that this Plea Agreement does not protect
him from prosecution for perjury, should he testify untruthfully
at any proceeding, or for making false statements in connection
with interviews conducted pursuant to this agreement or any other
statements or testimony on or after the date of this agreement.
Nor does this agreement protect him from prosecution for other
crimes or offenses as to which he does not make full admission
and give truthful and complete information. Further, should
Defendant fail to comply with the terms and conditions set forth
in this agreement, the Government may fully prosecute the
Defendant on all criminal charges that can be brought against the

13

defendant.  With respect to such a prosecution:

      a.  The Defendant shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the Defendant's statements pursuant to this agreement or any leads derived therefrom should be suppressed or are inadmissible;

      b.  The Defendant waives any right to claim that evidence presented in such prosecution is tainted by virtue of the statements the defendant has made; and

      c.  The Defendant waives any and all defenses based on the statute of limitations with respect to any such prosecution that is not time-barred on the date that this agreement is signed by the parties.

    22.  In the event of a dispute as to whether the Defendant has knowingly committed a breach of this agreement, and if the Government chooses to exercise its rights under the preceding paragraph, and if the Defendant so requests, the matter shall be submitted to the Court and shall be determined by the Court in an appropriate proceeding at which Defendant's disclosures and documents shall be admissible and at which time the Government shall have the burden to establish the Defendant's breach by a

preponderance of the evidence.

### Venue

23.   The Defendant agrees, for purposes of entering his pleas of guilty, sentencing and all other appropriate proceedings relevant to the filing of this agreement, to consent to the jurisdiction of the United States District Court for the District of Columbia.  The Defendant expressly waives his right to object to venue in the District of Columbia.

### Waiver of Right to Appeal

24.   The Defendant, knowing and understanding all of the facts set out herein, including the maximum possible penalty that could be imposed, and knowing and understanding his right to appeal the sentence as provided in 18 U.S.C. § 3742, hereby expressly waives the right to appeal any sentence within the maximum provided in the statutes of conviction (or the manner in which that sentence was determined) on the grounds set forth in 18 U.S.C. § 3742 or on any ground whatever, in exchange for the concessions made by the Government in this plea agreement.  This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b).

### Right of Allocution

25.   The Government reserves the right to allocute as to the nature and seriousness of the offense and to make a

15

recommendation as to sentencing.  The attorneys for the Government will inform the Court and the Probation Office of: (1) this agreement; (2) the nature and extent of the Defendant's activities with respect to this case; and (3) all other information in its possession relevant to sentencing.

### Non-binding on non-parties

26.  The Defendant understands that this agreement binds and limits in any manner only the Government, defined as the United States Department of Justice, Criminal Division, Asset Forfeiture and Money Laundering Section, the Public Integrity Section and the Fraud Section.  This agreement does not bind any United States Attorney's Office, nor does it bind any state or local prosecutor.  It also does not bar or compromise any civil or administrative claim pending or that may be made against the Defendant.  If requested, however, the Asset Forfeiture and Money Laundering Section, the Public Integrity Section and the Fraud Section will bring this agreement to the attention of any other prosecuting jurisdiction and ask that jurisdiction to abide by the provisions of this plea agreement.  The Defendant understands that other prosecuting jurisdictions retain discretion over whether to abide by the provisions of this agreement.

### Restitution

27.  Pursuant to 18 U.S.C. § 3663A, the Defendant

understands and agrees that restitution to victims of this offense, including the Republic of Iraq, is mandatory. The loss to the victims is stipulated to be $3,600,000 representing the presently known loss for all contracts fraudulently awarded and money stolen from the Republic of Iraq as the result of fraud or bribery or money laundering as part of the conspiracies charged in Counts 1 and 3. The parties understand that under the law the Defendant is entitled to argue for offsets based on the amounts paid or agreed to be paid to those victims by potentially responsible parties. The Defendant agrees not to transfer or otherwise encumber his assets except with notice to, and consent of, the undersigned representatives of the United States until such time as this agreement is filed with the Court, at which point the defendant must seek leave of Court to transfer or otherwise encumber his assets. The parties agree that the Defendant will not be required to obtain the consent of the United States for property transfers necessary to pay ordinary living expenses and ordinary business expenses and attorneys' fees. The Defendant agrees as part of this Plea Agreement that he will provide to the Government detailed financial information about all income and expenses on a monthly basis and as requested.

### Forfeiture

    28. The Defendant agrees to identify the proceeds from, or

traceable to, the conspiracy charged in Count 1 and all property

involved in the money laundering conspiracy charged in Count 3,

including any assets derived from, or traceable, to the proceeds

of unlawful activity in which the Defendant has or had any

financial interest, and any facilitating property.  The Defendant

agrees to take all steps as requested by the United States to

locate or repatriate property subject to forfeiture, and further

agrees not to contest the forfeiture of his interests in such

property.  The Defendant also agrees not to assist others in

making claims against seized property.

29.  The Defendant agrees to hold the United States, its

agents and employees harmless from any claims whatsoever in

connection with the seizure or forfeiture of property covered by

this agreement.

30.  The Defendant further agrees to waive all interest in

any such asset in any administrative or judicial forfeiture

proceeding, whether criminal or civil, state or federal.  The

Defendant agrees to consent to the entry of orders of forfeiture

for such property, announcement of the forfeiture at sentencing,

and incorporation of the forfeiture in the judgment.  The

Defendant acknowledges that he understands that the forfeiture of

assets is part of the sentence that may be imposed in this case

and waives any failure by the court to advise him of this,

pursuant to Rule 11(b)(1)(J), at the time his guilty pleas are

accepted.

31.   The Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding.  Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct or property involved in illegal conduct giving rise to forfeiture, and Defendant agrees to the entry of a money judgment against him in an amount not less than $3,600,000, but not more than the amount of the proceeds of the conspiracy charged in Count 1 and the property involved in the conspiracy charged in Count 3 of the Information.

### No Additional Agreements

32.  No promises, agreements, or  conditions have been entered into other than those expressly set forth in this Plea Agreement, and none shall be entered into and/or are binding upon Defendant and the Government unless expressly set forth in writing, signed by all parties and physically attached to this Plea Agreement.  This Plea Agreement supersedes any prior promises, agreements or conditions between the Government and the Defendant.

## Acknowledgments
### The Defendant

I, Robert J. Stein, hereby expressly acknowledge the following: (1) that I have read this entire Plea Agreement; (2) that I have had an opportunity to discuss this Plea Agreement fully and freely with my attorney; (3) that I fully and completely understand each and every one of its terms; (4) that I am fully satisfied with the advice and representation provided to me by my attorney; and (5) that I have signed this Plea Agreement knowingly, freely and voluntarily.

_18 JAN 2006_

DATE                                    Robert J. Stein

### Counsel for the Defendant

I, Carlos Vanegas, the attorney for Robert J. Stein, hereby expressly acknowledge the following: (1) that I have discussed this Plea Agreement with my client; (2) that I have fully explained each one of its terms to my client; (3) that I have fully answered each and every question put to me by my client regarding the Plea Agreement; and (4) in my opinion, my client completely understands the letter and spirit of all of the Plea Agreement's terms.

_1/18/06_

DATE                                    Carlos Vanegas, Esq.

20

**On Behalf of the Government**

RICHARD WEBER
CHIEF,  ASSET FORFEITURE AND
MONEY LAUNDERING SECTION

NOEL L. HILLMAN
CHIEF, PUBLIC INTEGRITY SECTION

PAUL E. PELLETIER
CHIEF, FRAUD SECTION

1/2$/$6
DATE

By:    Mark J. Yost
       Patrick Murphy
       Trial Attorneys
       Asset Forfeiture and Money Laundering
       Section

By:    James A. Crowell IV
       Ann C. Brickley
       Trial Attorneys
       Public Integrity Section

U.S. Department of Justice
Criminal Division
1400 New York Ave., NW
Washington, DC 20005
Mark.yost@usdoj.gov
Patrick.murphy@usdoj.gov
James.crowell@usdoj.gov
Ann.Brickley@usdoj.gov

21