UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CR. No. 06-16 |
| | ) |
| ROBERT J. STEIN, JR., | ) |
| | ) |
| Defendant. | ) |

**MOTION OF THE UNITED STATES FOR ENTRY
OF A PRELIMINARY ORDER OF FORFEITURE**

The United States of America, by its undersigned counsel, respectfully submits its Motion for a Preliminary Order of Forfeiture in the above-entitled case for the reasons set forth below. A proposed order is submitted with this motion.

1. On January 18, 2006, the defendant, Robert J. Stein, Jr., entered into a plea agreement with the United States in which he agreed to plead guilty to a five count Information. Count 1 charged the defendant engaged in conspiracy in violation of 18 U.S.C. § 371; Count 2 charged bribery in violation of 18 U.S.C. § 201; Count 3 charged a money laundering conspiracy in violation of 18 U.S.C. § 1956(h); Count 4 charged possession of a firearm by a felon in violation of 18 U.S.C. § 922(g); and Count 5 charged possession of a machine gun in violation of 18 U.S.C. § 922(o).

2. Defendant entered his guilty plea to the Information on February 2, 2006.

3.      In connection with defendant's Plea Agreement, he agreed to the entry of a money judgment against him in an amount "not less than $3,600,000, but not more than the amount of the proceeds of the conspiracy charged in Count 1 of the Information" and forfeiture of the property involved in the conspiracy charged in Count 3 of the Information.

4.      The Information listed specific property to be forfeited in connection with the guilty plea on Counts 1 and 3 of the Information. That property included the following:

    a.  Vehicles:

        i)   One Porsche automobile, VIN WP0AB29953S696097;

        ii)  One Coach House RV, model 272XL, VIN 1FDXE45S64HBO856;

        iii) One 2004 Toyota Sienna, VIN 5TDZA22CX4S120818;

        iv)  One 2004 Chevrolet Colorado Truck, VIN 1GCDT136048222172;

        v)   One 2004 Lexus LS 430, VIN JTHBN36F840153933;

    b.  Two plots of real property located at 5610 Spreading Branch Road, Hope Mills, NC 28348, the legal descriptions for which are identified as:

        i)   Lot 3 Fox Meadow, Sec 1, Plat Book 108, Page 37 CCR, Cumberland County, NC;

        ii)  Lot 21 Block B Rockfish Mebane, Cumberland County, NC;

    c.  Bank Accounts

        i)   Approximately $164,900.00 deposited into Bragg Mutual Federal Credit Union account 3366588;

        ii)  Approximately $92,885.00 initially deposited into Bragg Mutual Federal Credit Union account 42825890;

        iii) Approximately $210,000 initially deposited into First Citizens Bank account 000348807327;

d. U.S. Currency

   i) $100,000.00 currently on deposit in a Department of Treasury Suspense Account;

   ii) Approximately $40,760 in proceeds from the sale of Cessna Aircraft T210F, U.S. Registration No. N6104R, Serial No. T210-0004.

e. Computers, including the following:

   i) Dell Tower Dimension 8100, serial number 5537H01

   ii) Sony Personal Computer, serial number 3000001

   iii) Toshiba Portege Personal Computer, serial number 74090633H

   iv) Toshiba Satellite Computer, serial number Z3021160C

f. Commemorative Coins/Currency, including 2002 Eagle Silver Dollars

g. Fifteen (15) Breitling watches identified by the following serial numbers, and one watch case:

   i) A71365;
   ii) B72345;
   iii) A72345;
   iv) L21330;
   v) A24322;
   vi) A12023;
   vii) E13360;
   viii) A39363;
   ix) A39362;
   x) D13022;
   xi) A25362;
   xii) D22322;
   xiii) A42362;
   xiv) E56321;
   xv) 780889;

h. Jewelry:

   i) One 6 ct. round diamond ring;

  ii)  One 1.66 ct. sapphire and 1.12 ct diamond ring;

  iii)  One diamond and platinum ring;

  iv)  One 2.54 ct. sapphire necklace;

  v)  One set of diamond earrings;

  vi)  One set of hoop earrings;

  vii)  One diamond necklace;

  viii)  One pearl necklace;

  ix)  One set of pearl and diamond earrings;

  x)  One diamond tennis bracelet;

i. Various firearms, including the following:

  i)  Four (4) grenade launchers, identified by the following serial numbers:

    1. LM 500006;
    2. LM 500007;
    3. LM 500016;
    4. LM 500029;

  ii)  Twenty (20) fully automatic submachine guns, identified by the following serial numbers:

    1. 76116138;
    2. 76116139;
    3. 76116140;
    4. 76116141;
    5. 76116142;
    6. 76116143;
    7. 76116144;
    8. 76116145;
    9. 76116146;
    10. 76116147;
    11. 76116148;
    12. 76116149;
    13. 76116150;

          14. 76116151;
          15. 76116152;
          16. 76116153;
          17. 76116154;
          18. 76116155;
          19. 76116156;
          20. 76116157;

iii) Ten (10) .308 caliber machine guns, identified by the following serial numbers:

        1.  DS 23746;
        2.  DS 23756;
        3.  DS 23740;
        4.  DS 23750;
        5.  DS 23753;
        6.  DS 23904;
        7.  DS 24198;
        8.  DS 24210;
        9.  DS 24217;
        10. DS 24223;

iv) Six (6) H&K Mark 23, .45 automatic handguns, identified by the following serial numbers;

        1. 23009571;
        2. 23009572;
        3. 23009575;
        4. 23009579;
        5. 23009581;
        6. 23009582;

v) Two (2) .45 caliber silencers, identified by the following serial numbers:

        1. MK 237158;
        2. MK 237159;

vi) Ten (10) DSA Inc, SA-58 Slings;

vii) Ten (10) Eotech Holographic Sites, identified by the following serial numbers:

        1.  104611;
        2.  104598;

        3. 104658;
        4. 106177;
        5. 106217;
        6. 106312;
        7. 106324;
        8. 106327;
        9. 109841;
        10. 110246;

viii)   Six (6) DSA Inc, SA-58, .308 magazines;

ix)   Six (6) Surefire Pressure Grip Light System;

x)   Springfield Arms Carlos Hathcock .30 caliber sniper rifle, serial number GF42587;

xi)   Two (2) bipods;

xii)   Springfield Arms .30 cal magazine;

xiii)   Springfield Arms sniper scope;

xiv)   Smith & Wesson .50 caliber pistol, serial number CHE4192, and case;

xv)   Forty-eight (48) Mark 23 .45 automatic magazines;

xvi)   Two (2) cloth pistol cases;

xvi)   Five (5) cloth carrying cases for Mark 23 H&K;

xvii)   One hundred ninety-nine (199) rounds of Smith & Wesson 500 .50 caliber ammunition;

xviii)   Eleven (11) Guardforce lockable gun hard cases;

xix)   Ninety-four (94) DSA .308 magazines;

xx)   One Hundred-Twenty (120) H&K 53, 5.56 Cal., magazines;

xxi)   Twenty (20) Slings for H&K 53, 5.56 Cal.;

xxii)   Box Containing Nine (9) Rifle Manuals;

    xxiii) Bag of Miscellaneous parts containing seventy-eight (78) items; and

    xix) Box of Miscellaneous parts containing thirty-four (34) pieces.

5. The following properties, which have not been subject to previous restraint, are also subject to forfeiture as proceeds of the criminal activity to which defendant has pled guilty:

  a. $50,000 located within a Certificate of Deposit in account number 5894559057 located at BB&T Bank;

  b. $66,000 in U.S. currency currently on deposit in a Treasury Department Suspense Account; and

  c. one baby grand piano, located at the 5610 Spreading Branch Rd property.

6. In addition, the Information sought forfeiture of substitute property, up to the value of the amount involved in the crimes of which defendant was convicted, if any of the specifically identified property became unavailable or was insufficient to satisfy the forfeiture amount. Substitute property identified to date consists of one (1) Slotter & Co. Black Powder Rifle, and one (1) unmarked black powder muzzle loader rifle. Defendant has admitted his ownership of these items.

7. The Court's jurisdiction in this matter is founded upon 18 U.S.C. § 981(a)(1)(C), which provides that "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting 'specified unlawful activity'" is subject to forfeiture to the United States, and 28 U.S.C. § 2461(c), which provides that:

> If a forfeiture of property is authorized in connection with a violation of an Act of Congress, and any person is charged in an indictment . . . with such violation but no specific statutory provision is made for criminal forfeiture upon conviction, the Government may include the forfeiture in the indictment . . . in accordance with the Federal Rules of Criminal Procedure, and upon conviction, the court shall order the forfeiture of the property . . ..

8.     The Court further has jurisdiction predicated upon 18 U.S.C. § 982(a)(1), which provides that "any property, real or personal, involved in" a violation of 18 U.S.C. § 1956, "or any property traceable to such property" is subject to forfeiture to the United States.

9.     Rule 32.2(b) of the Federal Rules of Criminal Procedure, provides, in relevant part, that:

> (1) As soon as practicable after . . . accepting a plea of guilty . . . on any count in an indictment or information with regard to which criminal forfeiture is sought, the court shall determine what property is subject to forfeiture under the applicable statute. . . . If the government seeks a personal money judgment against the defendant, the court must determine the amount of money that the defendant will be ordered to pay.  The court's determination may be based on evidence already in the record, including any written plea agreement . . ..
>
> (2) If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment or directing the forfeiture of specific property without regard to any third party's interest in all or part of it.  Determining whether a third party has such an interest shall be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).
>
> (3) The entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture; to conduct any discovery the court considers proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights.  At sentencing - or at any time before sentencing if the defendant consents - the order of forfeiture becomes final as to the defendant and shall be made part of the sentence and be included in the judgment.  The court may include in the order of forfeiture conditions reasonably necessary to preserve the property's value pending any appeal.

10.    Based upon the evidence set forth in the factual statement incorporated into the Plea Agreement and Defendant's consent to this motion, the United States has established the requisite nexus between the property and the offenses to which the defendant has pleaded guilty, demonstrating that the amount to be forfeited represented proceeds from his conspiracy and

money laundering offenses. Accordingly, that property is subject to forfeiture to the United States pursuant to 18 U.S.C. § 982, and 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

11.     Defendant has further waived all interest in the assets listed above for forfeiture in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Defendant has consented to the entry of orders of forfeiture for such property and waived the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant also has waived all constitutional and statutory challenges to the forfeiture pursuant to the Plea Agreement, including that the forfeiture constitutes an excessive fine or punishment, or that it violates the Ex Post Facto Clause of the Constitution.

12.     With respect to the money judgment in the amount of $3,600,000, the Government seeks entry of an Order of Forfeiture. The entry of an Order of Forfeiture in the form of a personal money judgment is specifically authorized by Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure. See United States v. Baker, 227 F.3d 955 (7th Cir. 2000) (a forfeiture order may include a money judgment for the amount of money involved in the money laundering offense); United States v. Navarro-Ordas, 770 F.2d 959, 969 (11th Cir. 1985) (court may enter "personal money judgment" against the defendant for the amount of the illegally obtained proceeds); United States v. Voigt, 89 F.3d 1050, 1084, 1088 (3d Cir. 1996) (the Government is entitled to a personal money judgment equal to the amount of money involved in the money laundering offense).

13.     When a money judgment is entered against a defendant, the Court may order forfeiture of specific property of the defendant, having a value up to the amount of the money judgment, in satisfaction of the money judgment.  Fed. R. Crim. Pro. 32.2(e)(1)(B).  See United States v. Numisgroup Intl. Corp, 169 F. Supp. 2d 133 (E.D.N.Y. 2001) (Rule 32.2(e) authorizes forfeiture of substitute assets to satisfy a money judgment, including a judgment based on the value of the missing proceeds and the value of the missing facilitating property); United States v. Davis, 177 F. Supp.2d 470 (E.D. Va. 2001) (if property cannot be forfeited as directly traceable to the offense, it can be forfeited as a substitute asset and used to satisfy the money judgment).

14.     With respect to the real property subject to forfeiture, the Government requests that, upon entry of the Order of Forfeiture, the United States Attorney General or his designee be authorized to seize the real property known as 5610 Spreading Branch Road, Hope Mills, NC, 28348, and to conduct any discovery proper in disposing of the property, in accordance with Fed. R. Crim. P. 32.2(b)(3).  Because that property is currently occupied, the Government further requests that the United States Marshals Service be allowed to take immediate possession of the property upon entry of an initial Order of Forfeiture relating to this property, subject to any rights and obligations conveyed by the signing of an Occupancy Agreement, substantially in the form attached hereto as Exhibit A.

15.     The Government requests that those assets currently subject to seizure remain in the possession of the various seizing agencies pending the entry of a Final Order of Forfeiture, and that the additional assets identified in Paragraph 5a. and 5c. above be subject to seizure pursuant to Rule 32.2(b)(3).

16.     Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n), the Marshals will publish, at least once for three successive weeks in a newspaper of general circulation, notice of the Order, notice of the Marshal's intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in the property must file a petition with the Court (and serve a copy on Patrick T. Murphy, Trial Attorney, Asset Forfeiture and Money Laundering Section, United States Department of Justice) within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.  This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.  The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

WHEREFORE, the United States respectfully requests that this Court enter the attached proposed Preliminary Order of Forfeiture against the defendant, Robert J. Stein, Jr., forfeiting the above property to the United States, and ordering the United States Marshals Service to maintain custody of the forfeited property and dispose of it in accordance with the law.

> Respectfully submitted,
> EDWARD C. NUCCI
> Acting Chief, Public Integrity Section
>
>
> _____/s/_____
> JAMES A. CROWELL IV
> ANN C. BRICKLEY
> PATRICK T. MURPHY
>
> Trial Attorneys
> U.S. Department of Justice
> Criminal Division
> 1400 New York Ave., NW
> Washington, DC 20530
> (202) 514-1412
> james.crowell@usdoj.gov
> Ann.brickley@usdoj.gov
> Patrick.murphy@usdoj.gov

Dated: January 23, 2007

**CERTIFICATE OF SERVICE**

      I hereby certify that copies of the foregoing motion and proposed order were delivered this 23d day of January, 2007, to:

>Carlos Vanegas
FEDERAL PUBLIC DEFENDER
625 Indiana Avenue, NW
Suite 550
Washington, DC 20004
(202) 208-7500

>Attorney for Defendant Robert J. Stein