UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Occupancy Agreement |
| | ) | |
| v. | ) | CR. No.  06-16 |
| | ) | |
| ROBERT J. STEIN, JR., | ) | |
| | ) | |
| Defendant. | ) | |

This Occupancy Agreement ("Agreement") is made between _____ and the United States Marshals Service ("USMS") for the District of _____.

On January 22, 2007, the United States of America sought an order of forfeiture in the above captioned case directed at two plots of real property ("property") located at 5610 Spreading Branch Road, Hope Mills, NC 28348, which includes all fixtures and legal appurtenances thereto, and which are described as follows:

      i)      Lot 3 Fox Meadow, Sec 1, Plat Book 108, Page 37 CCR, Cumberland County, NC; and

      ii)     Lot 21 Block B Rockfish Mebane, Cumberland County, NC.

The forfeiture of this property is sought pursuant to the terms of the Plea Agreement entered into between the Untied States and Robert Stein.  The undersigned, _____ ("Occupant"), resided on the property at the time of the motion for an Order of Forfeiture, and desires to continue to reside there pending the disposition of the forfeiture proceeding, including any ancillary proceeding, with respect to the property.

Therefore, it is hereby agreed, upon execution of the Agreement, and in compliance with all the terms and conditions stated herein, that the Occupant may continue to occupy the property until such time as an order for interlocutory sale or a final disposition order is entered by the Court.

## TERMS AND CONDITIONS

1. Occupant shall be permitted to occupy the residence located on the property subject to the terms and conditions of this Agreement as long as the Court permits. It is understood by the Occupant that this Agreement does not create any interest in the land or a tenancy of any kind, but rather this Agreement is a license by USMS of this property under custody of the Court subject to revocation by the Court at the discretion of the Court or for violations of the terms and conditions of this Agreement.

2. The USMS shall have the right to re-enter the property, with or without the consent of Occupant, at reasonable times to inspect and/or appraise the property, or for any other purpose consistent with this Agreement.

3. Occupant shall maintain the property at Occupant's expense in the same, or better, condition and repair as when initially moved against for forfeiture. The term "maintain" shall include, but is not limited to keeping the property free of hazards and/or structural defects; keeping all heating, air conditioning, plumbing, electrical, gas, oil, or other power facilities in good working condition and repair; keeping the property clean and performing such necessary sanitation and waste removal; maintaining the property and grounds in good condition by providing snow removal, lawn mowing and all other ordinary and necessary routine maintenance.

4. Occupant shall maintain casualty and fire insurance equal to the full replacement cost of the property and all improvements thereon, and shall maintain liability insurance for injuries occurring on or resulting from use of the property, or activities or conditions thereon, in the minimum amount of $260,000. Additionally, Occupant shall arrange for a rider to all above-mentioned policies naming the United States as a loss payee and additional insured for the life of the Agreement. Occupant shall deliver proof of such insurance to the USMS no later than the seventh calendar day following the execution of this Agreement.

5. Occupant shall timely pay any and all mortgage, home equity loan, rent, utilities, sewer, trash, maintenance, cable television, tax and/or other obligations, otherwise necessary and due on the property, for the life of this Agreement. Moreover, Occupant shall abide by all laws, codes, regulations, ordinances, covenants, rules, bylaws, binding agreements and/or stipulations or conditions pertaining to the care, maintenance, control and use of the property.

6. Occupant shall not attempt to convey, transfer, sell, lease, or encumber in any way, title to the property. Nor shall she permit any other person, other than her immediate family, and temporary house guests, to occupy the property.

7. Occupant shall not remove, destroy, alienate, transfer, detract from, remodel or alter in any way, the property or any fixture that is part of the property, ordinary wear excepted, without express written consent of the USMS.

8. Occupant shall not use the property for any illegal purposes or permit the use of the property for such purposes; use the property so that it poses a danger to the health or safety of the public or a danger to law enforcement; or use the property so that it

  adversely affects the ability of the U.S. Marshal or his designee to manage the property.

9. Occupant agrees to provide the USMS with thirty (30) days' advance notice, in writing, in the event she chooses to vacate the property.

10. The USMS may require Occupant to vacate the property when the interests of the United States so requires. Except for the circumstances described in Paragraph 11, or in exigent circumstances, the USMS agrees to provide Occupant with thirty (30) days' advance notice to vacate the property. However, at the discretion of the Court or if Occupant fails to vacate the property within that period, the USMS, upon notice to Occupant and all parties to the forfeiture action, may immediately petition the Court for directions to remove Occupant, and all other persons occupying the property.

11. If Occupant violates any term or condition of this Agreement, except Paragraph 10, the USMS shall notify Occupant that she has ten (10) days to correct the violation(s). If Occupant fails to correct the violation(s) cited by the USMS within that period, the USMS, upon notice to Occupant and all parties to the forfeiture action, may immediately petition the Court for directions to remove Occupant, and all other persons occupying the property.

12. Occupant, on behalf of herself, her heirs, statutory survivors, executors, administrators, representatives, successors and assignees ("potential claimants"), agrees that she does hereby release the United States, its agencies, agents, assigns and employees ("potential federal defendants") in their official and individual capacities, from any and all pending or future injuries, claims, demands, damages, suits and

causes of action arising from Occupant's possession, maintenance, occupancy and/or use of the property.

13. Occupant, on behalf of herself and other potential claimants, further agrees to indemnify the United States and other potential federal defendants, as to any and all pending or future claims, demands, damages, suits and causes of action regarding any damage or personal injuries incurred on, or as a result of, the property while Occupant resides there.

14. Occupant acknowledges that violation of the contents of this Agreement as it pertains to the removal or destruction of property under the care, custody, or control of the USMS constitutes a violation of federal criminal law, specifically, 18 U.S.C. § 2233 entitled "Rescue of Seized Property." That section provides for a fine, or imprisonment not exceeding two (2) years, or both.

15. This Agreement shall be construed in accordance with federal law, and any conflict over the terms and conditions of this Agreement must be decided by the Court as part of the forfeiture action.

_____    _____
Date                                Occupant

_____    _____
Date                                U.S. Marshal