HONORABLE COLLEEN KOLLAR-KOTELLY, UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

JAN 29 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Docket No.: <u>06-CR-016</u> |
| | : | |
| vs. | : | SSN: |
| | : | |
| STEIN, Robert | : | Disclosure Date: <u>October 25, 2006</u> |

## RECEIPT AND ACKNOWLEDGMENT OF PRESENTENCE INVESTIGATION REPORT

This is to acknowledge that each of the undersigned has received and reviewed the Presentence Investigation Report (PSR) in the above-entitled case. The undersigned further acknowledges that:

### For the Government

(CHECK APPROPRIATE BOX)

(✓) There are no material/factual inaccuracies therein.
( ) There are material/factual inaccuracies in the PSI report as set forth in the attachment herein.

_____        _____
**Prosecuting Attorney**                                11/8/06   **Date**

### For the Defendant

(CHECK APPROPRIATE BOX)

(✗) There are no material/factual inaccuracies therein.
(✗) There are material/factual inaccuracies in the PSI report as set forth in the attachment.

_____  1/28/07        _____  10/17/06
**Defendant**  **Date**         **Defense Counsel**  **Date**

## NOTICE OF OBLIGATION OF THOSE EXECUTING THIS FORM

Pursuant to Local Rule 32(f)(2), those executing this form shall first submit any material inaccuracies or disputes in writing by **November 08, 2006**, to U.S. Probation Officer **Kelli Griffin**, telephone number **(202) 565-1357**, fax number **(202) 273-0242**.

Pursuant to Rule 32(b)(6)(B), effective December 1, 1994, it shall be the responsibility of the Attorney for the Government and the Defense Counsel to provide each other with a copy of the objections at the same time the objections are filed with the probation office.

**FOR THE COURT**

By:   Gennine A. Hagar, Acting Chief
      United States Probation Officer

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>ROBERT D. STEIN )<br>)<br>_____) | Crim. No.: 06-0016 (CCK) |

### DEFENDANT ROBERT STEIN'S OBJECTIONS AND CORRECTIONS TO THE PRE-SENTENCE REPORT

Robert Stein respectfully submits the following objections and requested corrections to the Presentence Investigation Report submitted by Probation Officer Kelli Cave.

1.   Undersigned counsel objects to paragraph 24 on page 7 which assigns an 18 point enhancement based on loss amount of more than $2,500.000,00 but less than $7,000,000.00. The Plea agreement on Page 6 properly identifies the loss amount at being more than $1,000,000.00 but less than $2,500,000.00 The loss amount included in the Plea Agreement has taken into account all the money that was taken through fraud and which is specifically and carefully covered in the Criminal Information. Accordingly, Mr. Stein should only be assessed a 16 point enhancement.

2. Undersigned counsel objects to paragraph 26 on page 7 which assigns a 4 point enhancement because the "defendant acted as an organizer". for the imposition of a 4 point enhancement. Paragraph 26 of the PSR references, in particular, paragraph 19 of the Criminal Information as the basis for the enhancement. However, paragraph 19 of the Criminal Information shows that it is Co-conspirator 6 who is ordering Mr. Stein by directing Mr. Stein to get Co-Conspirator 2 "on board". Taking orders, instructions or directions from Co-conspirator 2 shows that Mr. Stein is not an organizer. What is outlined throughout the criminal information are correspondences between the various co-conspirators who all have an equal interest and influence in the outcome of the fraud that is being committed. No single co-conspirator shows any more level of control or influence in the communal fraud. Each participant is willingly going along and having a say in what transpires.

3. Undersigned counsel objects to Paragraph 31 of the PSR on page 8 which assigns a 15 point enhancement because the "relevant conduct involved a destructive device for use in launching a portable rocket or missile". Undersigned counsel objects to the application of the 15 point enhancement to the gun charges as Mr. Stein possessed four 40mm M203 grenade

1

launchers which lack rocket or missile capability. Instead the weapon at issue have a low velocity compression shell delivery system that does not rely on a rocket or missile to deliver its munitions.

According to the widely available military sources on the internet and the weapon descriptions provided by the Alcohol Tobacco and Firearms Administration, a grenade launcher is a weapon that launches a grenade greater distances, more accurately, and faster than a soldier could throw by hand. Most grenade launchers are man-portable, shoulder-fired weapons, usually mounted on M16 These are almost always single shot, manually reloaded weapons firing 30–40 millimeter caliber grenades which rarely resemble hand grenades, but look more like miniature artillery shells. Rocket and missile launchers, by contrast, fire rockets and missiles In the case of a rocket-propelled grenade launcher, the grenade is propelled or delivered by a rocket and thus the 15 point would apply to these types of weapons. The grenade launchers possessed by Stein were not rocket-propelled. Accordingly, the 15 point enhancement does not apply.

The application notes to 2K2.1 reference 26 U.S.C. § 5845, which defines the term "destructive device" and plainly includes grenade launchers. See United States v. Salter, 418 F.3d 860 (8th Cir. 2005)(noting that district court applied a two-level enhancement for defendant's possession of a grenade launcher and finding that such a device is a destructive device under 2K2.1). Rockets and missiles, however are separately listed from grenades under "destructive devices" in Section 5845 and, as detailed above, have different firing capabilities Based on these facts, undersigned counsel submits that Mr. Stein's possession of the grenade launchers requires only the application of a 2 point enhancement for a "destructive device" and objects to the application of a 15 point enhancement for a rocket or missile launcher.

Because the 15 point is an erroneous application/enhancement the grouping calculations outlined in paragraph 35-37 do not apply. Accordingly, undersigned specifically objects to the grouping analysis and calculation.

Pursuant to the above objections undersigned agrees with the Base Offense Guideline calculations contained in the plea agreement on pages 6-7.

WHEREFORE, undersigned submits the forgoing objections and requested corrections.

Respectfully submitted,
A.J. KRAMER
FEDERAL PUBLIC DEFENDER

Carlos J. Vanegas
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Washington, D.C. 20004

## CERTIFICATE OF SERVICE

I, Carlos J. Vanegas, Assistant Federal Public Defender, hereby certify that I have served a copy of the foregoing Defense Objections to the PSR upon United States Probation Officer Kelli Cave (by Fax to 202-273-0242) on this the 13th day of November 2006 and to James Crowell III Trial Attorney, Department of Justice, Public Integrity Section, by fax to 202-514-3003

_____
Carlos J. Vanegas
Assistant Federal Public Defender

11/13/06
DATE:

3