UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Order of Forfeiture |
| ) | |
| v. ) | CR. No. 06-16 |
| ) | |
| ROBERT J. STEIN, JR., ) | |
| ) | |
| Defendant. ) | |

IT IS HEREBY ORDERED THAT:

1. As the result of the guilty plea on Count 1 of the Information, for which the Government sought forfeiture pursuant to 18 U.S.C. § 981 and 28 U.S.C. § 2461, as well 18 U.S.C. § 982, defendant shall forfeit to the United States all property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as the result of such violations.

2. As a result of the guilty plea on Count 3 of the Information, for which the Government sought forfeiture pursuant to 18 U.S.C. § 982, defendant shall forfeit to the United States all property involved in such violations.

3. The Court has determined, based on defendant's plea agreement and evidence already in the record, including defendant's factual statements, that the following property is subject to forfeiture pursuant to 18 U.S.C. § 982, as well as 18 U.S.C. § 981 and 28 U.S.C. § 2461, that the defendant had an interest in such property, and that the government has established the requisite nexus between such property and such offenses:

   a.   Vehicles:

      i)   One Porsche automobile, VIN WP0AB29953S696097;

  ii)  One Coach House RV, model 272XL, VIN 1FDXE45S64HBO856;

  iii)  One 2004 Toyota Sienna, VIN 5TDZA22CX4S120818;

  iv)  One 2004 Chevrolet Colorado Truck, VIN 1GCDT136048222172;

  v)  One 2004 Lexus LS 430, VIN JTHBN36F840153933;

b. Two plots of real property located at 5610 Spreading Branch Road, Hope Mills, NC 28348, the legal descriptions for which are identified as:

  i)  Lot 3 Fox Meadow, Sec 1, Plat Book 108, Page 37 CCR, Cumberland County, NC;

  ii)  Lot 21 Block B Rockfish Mebane, Cumberland County, NC;

c. Bank Accounts

  i)  Approximately $164,900.00 deposited into Bragg Mutual Federal Credit Union account 3366588;

  ii)  Approximately $92,885.00 initially deposited into Bragg Mutual Federal Credit Union account 42825890;

  iii)  Approximately $210,000 initially deposited into First Citizens Bank account 000348807327;

d. U.S. Currency

  i)  $100,000.00 currently on deposit in a Treasury Department Suspense Account;

  ii)  Approximately $40,760 in proceeds from the sale of Cessna Aircraft T210F, U.S. Registration No. N6104R, Serial No. T210-0004;

e. Computers, including the following:

  i)  Dell Tower Dimension 8100, serial number 5537H01;

  ii)  Sony Personal Computer, serial number 3000001;

  iii)  Toshiba Portege Personal Computer, serial number 74090633H;

  iv)  Toshiba Satellite Computer, serial number Z3021160C;

    f.    Commemorative Coins/Currency, including 2002 Eagle Silver Dollars

    g.    Fifteen (15) Breitling watches with the following serial numbers:

i) A71365
ii) B72345
iii) A72345
iv) L21330
v) A24322
vi) A12023
vii) E13360
viii) A39363
ix) A39362
x) D13022
xi) A25362
xii) D22322
xiii) A42362
xiv) E56321
xv) 780889

    h.    Jewelry:

i) One 6 ct. round diamond ring;

ii) One 1.66 ct. sapphire and 1.12 ct diamond ring;

iii) One diamond and platinum ring;

iv) One 2.54 ct. sapphire necklace;

v) One set of diamond earrings;

vi) One set of hoop earrings;

vii) One diamond necklace;

viii) One pearl necklace;

ix) One set of pearl and diamond earrings;

x) One diamond tennis bracelet;

    i.    Various firearms, including the following:

i) Four (4) grenade launchers, identified by the following serial numbers:

1. LM 500006:
2. LM 500007;
3. LM 500016;
4. LM 500029;

ii) Twenty (20) fully automatic H&K 53, 5.56 caliber submachine guns, identified by the following serial numbers:

1. 76116138;
2. 76116139;
3. 76116140;
4. 76116141;
5. 76116142;
6. 76116143;
7. 76116144;
8. 76116145;
9. 76116146;
10. 76116147;
11. 76116148;
12. 76116149;
13. 76116150;
14. 76116151;
15. 76116152;
16. 76116153;
17. 76116154;
18. 76116155;
19. 76116156;
20. 76116157;

iii) Ten (10) .308 caliber machine guns, identified by the following serial numbers:

1. DS 23746;
2. DS 23765;
3. DS 23740;
4. DS 23750;
5. DS 23753;
6. DS 23904;
7. DS 24198;
8. DS 24210;
9. DS 24217;
10. DS 24223;

4

iv) Six (6) H&K Mark 23, .45 automatic handguns, identified by the following serial numbers;

1. 23009571;
2. 23009572;
3. 23009575;
4. 23009579;
5. 23009581;
6. 23009582

v) Two (2) .45 caliber silencers, identified by the following serial numbers:

1. MK 237158;
2. MK 237159;

vi) Ten (10) DSA Inc, SA-58 Slings;

vii) Ten (10) Eotech Holographic Sites, identified by the following serial numbers:

1. 104611;
2. 104598;
3. 104658;
4. 106177;
5. 106217;
6. 106312;
7. 106324;
8. 106327;
9. 109841;
10. 110246;

viii) Six (6) DSA Inc, SA-58, .308 magazines;

ix) Six (6) Surefire Pressure Grip Light System;

x) Springfield Arms Carlos Hathcock .30 caliber sniper rifle, serial number GF42587;

xi) Two (2) bipods;

xii) Springfield Arms .30 cal magazine;

xiii) Springfield Arms sniper scope;

      xiv) Smith & Wesson .50 caliber pistol, serial number CHE4192, and case;

      xv) Forty-eight (48) Mark 23 .45 automatic magazines;

      xvi) Two (2) cloth pistol cases;

      xvi) Five (5) cloth carrying cases for Mark 23 H&K;

      xvii) One hundred ninety-nine (199) rounds of Smith & Wesson 500 .50 caliber ammunition;

      xviii) Eleven (11) Guardforce lockable gun hard cases;

      xix) Ninety-four (94) DSA .308 magazines;

      xx) One Hundred-Twenty (120) H&K 53, 5.56 Cal., magazines;

      xxi) Twenty (20) Slings for H&K 53, 5.56 Cal.;

      xxii) Box Containing Nine (9) Rifle Manuals;

      xxiii) Bag of Miscellaneous parts containing seventy-eight (78) items; and

      xxiv) Box of Miscellaneous parts containing thirty-four (34) items.

4. The following properties, which have not been subject to previous restraint, are also subject to forfeiture as proceeds of the criminal activity to which defendant has pled guilty:

    a. $50,000 located within a Certificate of Deposit located in account number 5894559057 at BB&T Bank;

    b. $66,000 in U.S. currency currently on deposit in a Treasury Department Suspense Account; and

    c. one baby grand piano, located at the 5610 Spreading Branch Rd property.

5. Accordingly, Defendant's interest in the above referenced property in paragraphs 2-4 above (the "Subject Property"), is hereby deemed forfeited to the United States pursuant to 18 U.S.C. §§ 981 and 982, and 28 U.S.C. § 2461.

6. The Court has further determined that the Defendant shall forfeit to the United States the sum of $3,600,000.00 pursuant to Title 18, United States Code, § 981 and Title 28, United States Code § 2461, and Title 18, United States Code § 982. This money judgment is to be satisfied, in part, by the assets identified in paragraphs 1-4 of this Order. Two additional properties, one (1) Slotter & Co. Black Powder Rifle and one (1) unmarked black powder muzzle loader rifle, have been identified as available substitute property, as the Defendant has admitted his ownership thereof, and are hereby deemed forfeited as such and in additional partial satisfaction of the money judgment.

7. The United States Attorney General or his designee is hereby authorized to seize the real property located at 5610 Spreading Branch Road, Hope Mills, NC, 28348, and to conduct any discovery proper in disposing of the property, in accordance with Fed. R. Crim. P. 32.2(b)(3). The United States Marshals Service shall be allowed to take immediate possession pending the entry of a Final Order of Forfeiture with respect to this property, subject to any rights granted in any Occupancy Agreement entered into between the United States Marshals Service and the current occupant of the residence located on the real property.

8. Those assets currently subject to seizure shall remain in the custody of the various seizing agencies pending the entry of a Final Order of Forfeiture, and the United States Attorney General or his designee is hereby authorized to seize the additional assets identified in Paragraph 4a. and 4c. above pursuant to Rule 32.2(b)(3).

9. Upon entry of this Order, the United States Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing

third party rights, including giving notice of this Order.

10. The United States shall publish notice of the order and its intent to dispose of the Subject Property in such a manner as the United States Attorney General (or a designee) may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property.

11. Any person, other than the above named defendant, asserting a legal interest in the Subject Property may, within thirty (30) days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 28 U.S.C. § 2461(c) which incorporates 21 U.S.C. § 853(n).

12. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

13. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

14. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal

      Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

15. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

16. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

17. The Clerk of the Court shall forward four certified copies of this order to Patrick T. Murphy, Trial Attorney, Asset Forfeiture and Money Laundering Section, U.S. Department of Justice.

SO ORDERED:

Dated: Jan. 24, 2007

_____
HONORABLE COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE