AO 245B    (Rev. 06/05) (Rev. DC 12/15/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## for the District of Columbia

UNITED STATES OF AMERICA
### V.
### ROBERT STEIN

**JUDGMENT IN A CRIMINAL CASE**

Case Number:    06-016    *AMENDED

USM Number:    28441-016

Carlos Vanegas
Defendant's Attorney

**FILED**

MAR - 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## THE DEFENDANT:

☑ pleaded guilty to count(s)    1, 2, 3, 4, and 5 of the Information

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 371 | Conspiracy | In or about December 2003 | 1 |
| 18 USC 201(b)(2)(A) | Bribery | In or about December 2003 | 2 |

The defendant is sentenced as provided in pages 2 through ___12___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s)                                                      is/are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

January 29, 2007
Date of Imposition of Judgment

Signature of Judge

Colleen Kollar-Kotelly
Name of Judge

U.S. District Court
Title of Judge

March 1, 2007 (as amended to add attached order)
Date



AO 245B    (Rev. 06/05) Judgment in a Criminal C....
Sheet 1A

DEFENDANT: ROBERT STEIN

CASE NUMBER: 06-016   *AMENDED

Judgment—Page __2__ of __12__

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 1956(h) | Money Laundering Conspiracy | In or about December 2003 | 3 |
| 18 USC 922(g)(1) and 924(a)(2) | Felon in Possession of a Firearm | In or about December 2003 | 4 |
| 18 USC 922(o) and 2 | Possession of a Machine Gun and Aiding, Abetting, and Causing | In or about December 2003 | 5 |

AO 245B    (Rev. 06/05) Judgment in Criminal Case
Sheet 2 — Imprisonment

DEFENDANT: ROBERT STEIN
CASE NUMBER: 06-016    *AMENDED

Judgment — Page    3    of    12

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

a concurrent terms of 60 months on Count 1, 108 months on Count 2, 108 months on Count 3, 108 months on Count 4, and 108 months on Count 5.

☑ The court makes the following recommendations to the Bureau of Prisons:

That the defendant's sentence be served at Petersburg, VA or Butner, NC.

That the defendant participate in the UNCIOR Program at the Bureau of Prisons

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____ ☐ a.m. ☐ p.m.    on _____ .

   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on _____ .

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
          Sheet 3 — Supervised Release

Judgment—Page __4__ of __12__

DEFENDANT: ROBERT STEIN
CASE NUMBER: 06-016    *AMENDED

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

a concurrent terms 3 years on Counts 1, 2, 3, 4, and 5.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☑ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
             Sheet 3C — Supervised Release

Judgment—Page  5  of  12

DEFENDANT:  ROBERT STEIN
CASE NUMBER:  06-016    *AMENDED

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall submit to the collection and use of DNA identification information while incarcerated in the Bureau of Prisons, or at the direction of the US Probation Office, pursuant to 42 USC 14135a.

2. The defendant shall provide the Probation Office with your income tax returns, authorization for release of credit information, and any other business or financial information in which he have a control or interest.

3. The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts without the approval of the Probation Office.

The Probation Office shall release the presentence investigation report to all appropriate agencies in order to execute the sentence of the Court.  Treatment agencies shall return the presentence report to the Probation Office upon the defendant's completion or termination from treatment.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page __6__ of __12__

DEFENDANT: ROBERT STEIN
CASE NUMBER: 06-016   *AMENDED

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 500 | $ 0 | $ 3.6 million |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| TOTALS | $ 0.00 | $ 0.00 | |

☑ Restitution amount ordered pursuant to plea agreement $ 3.60 _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the   ☐ fine   ☑ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B   (Rev. 06/05) Judgment in a Criminal C
          Sheet 5A — Criminal Monetary Penal

DEFENDANT:  ROBERT STEIN
CASE NUMBER:  06-016   *AMENDED

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

THE COURT FINDS that the defendant does not have the financial ability to pay a fine and, therefore, waives imposition of a fine in this case.

The defendant shall notify the Clerk of the Court within 30 days of any change of address, until such time as the financial obligation is paid in full.

The special assessments are immediately payable to the Clerk of the Court for the US District Court, District of Columbia.

The Court waived interest on the restitution.

The restitution in the amount of $3.6 million shall be paid joint and several with Phillip Bloom (Dkt. No. 06-053), and Bruce Hopfengardner (Dkt. No. 06-204), at a rate of no less than $300 a month while on supervision.

AO 245B   (Rev. 06/05) Judgment in a Criminal Ca
Sheet 6 — Schedule of Payments

Judgment — Page __8__ of __12__

DEFENDANT: ROBERT STEIN
CASE NUMBER: 06-016   *AMENDED

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**   ☑ Lump sum payment of $ __500.00__ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance    ☐ C,   ☐ D,   ☐ E, or   ☑ F below; or

**B**   ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C**   ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**   ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**   ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**   ☑ Special instructions regarding the payment of criminal monetary penalties:

    Special assessment fees due immediately and/or while on supervised release to the Clerk of the Court for the US District Court, District of Columbia.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

    You shall pay $3.6 million restitution, joint and several with Phillip Bloom (Dkt. No. 06-053), and Bruce Hopfengardner (Dkt. No. 06-204), at a rate of no less than $300 a month while on supervision.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:

    *SEE ATTACHED ORDER

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,          )
                                   )
              Plaintiff,           )          Order of Forfeiture
                                   )
       v.                          )          CR. No.  06-16
                                   )
ROBERT J. STEIN, JR.,              )
                                   )
              Defendant.           )

IT IS HEREBY ORDERED THAT:

1.    As the result of the guilty plea on Count 1 of the Information, for which the Government

      sought forfeiture pursuant to 18 U.S.C. § 981 and 28 U.S.C. § 2461, as well 18 U.S.C. §

      982, defendant shall forfeit to the United States all property constituting, or derived from,

      proceeds the defendant obtained directly or indirectly, as the result of such violations.

2.    As a result of the guilty plea on Count 3 of the Information, for which the Government

      sought forfeiture pursuant to 18 U.S.C. § 982, defendant shall forfeit to the United States

      all property involved in such violations.

3.    The Court has determined, based on defendant's plea agreement and evidence already in

      the record, including defendant's factual statements, that the following property is subject

      to forfeiture pursuant to 18 U.S.C. § 982, as well as 18 U.S.C. § 981 and 28 U.S.C.

      § 2461, that the defendant had an interest in such property, and that the government has

      established the requisite nexus between such property and such offenses:

      a.    Vehicles:

            i)    One Porsche automobile, VIN WP0AB29953S696097;

      ii)      One Coach House RV, model 272XL, VIN 1FDXE45S64HBO856;

      iii)     One 2004 Toyota Sienna, VIN 5TDZA22CX4S120818;

      iv)     One 2004 Chevrolet Colorado Truck, VIN 1GCDT136048222172;

      v)      One 2004 Lexus LS 430,  VIN  JTHBN36F840153933;

b.     Two plots of real property located at 5610 Spreading Branch Road, Hope Mills, NC 28348, the legal descriptions for which are identified as:

      i)       Lot 3 Fox Meadow, Sec 1, Plat Book 108, Page 37 CCR, Cumberland County, NC;

      ii)     Lot 21 Block B Rockfish Mebane, Cumberland County, NC;

c.     Bank Accounts

      i)       Approximately $164,900.00 deposited into Bragg Mutual Federal Credit Union account 3366588;

      ii)     Approximately $92,885.00 initially deposited into Bragg Mutual Federal Credit Union account 42825890;

      iii)    Approximately $210,000 initially deposited into First Citizens Bank account 000348807327;

d.     U.S. Currency

      i)       $100,000.00 currently on deposit in a Treasury Department Suspense Account;

      ii)     Approximately $40,760 in proceeds from the sale of Cessna Aircraft T210F, U.S. Registration No. N6104R, Serial No. T210-0004;

e.     Computers, including the following:

      i)       Dell Tower Dimension 8100, serial number 5537H01;

      ii)     Sony Personal Computer, serial number 3000001;

      iii)    Toshiba Portege Personal Computer, serial number 74090633H;

      iv)    Toshiba Satellite Computer, serial number Z3021160C;

f.     Commemorative Coins/Currency, including 2002 Eagle Silver Dollars

g.     Fifteen (15) Breitling watches with the following serial numbers:

     i)   A71365
     ii)  B72345
     iii) A72345
     iv)  L21330
     v)   A24322
     vi)  A12023
     vii) E13360
     viii) A39363
     ix)  A39362
     x)   D13022
     xi)  A25362
     xii) D22322
     xiii) A42362
     xiv) E56321
     xv)  780889

h.     Jewelry:

     i)      One 6 ct. round diamond ring;

     ii)     One 1.66 ct. sapphire and 1.12 ct diamond ring;

     iii)    One diamond and platinum ring;

     iv)    One 2.54 ct. sapphire necklace;

     v)     One set of diamond earrings;

     vi)    One set of hoop earrings;

     vii)   One diamond necklace;

     viii)  One pearl necklace;

     ix)    One set of pearl and diamond earrings;

     x)     One diamond tennis bracelet;

i.     Various firearms, including the following:

3

i)      Four (4) grenade launchers, identified by the following serial numbers:

1. LM 500006:
2. LM 500007;
3. LM 500016;
4. LM 500029;

ii)     Twenty (20) fully automatic H&K 53, 5.56 caliber submachine guns, identified by the following serial numbers:

1.  76116138;
2.  76116139;
3.  76116140;
4.  76116141;
5.  76116142;
6.  76116143;
7.  76116144;
8.  76116145;
9.  76116146;
10. 76116147;
11. 76116148;
12. 76116149;
13. 76116150;
14. 76116151;
15. 76116152;
16. 76116153;
17. 76116154;
18. 76116155;
19. 76116156;
20. 76116157;

iii)    Ten (10) .308 caliber machine guns, identified by the following serial numbers:

1.  DS 23746;
2.  DS 23765;
3.  DS 23740;
4.  DS 23750;
5.  DS 23753;
6.  DS 23904;
7.  DS 24198;
8.  DS 24210;
9.  DS 24217;
10. DS 24223;

4

iv)     Six (6) H&K Mark 23, .45 automatic handguns, identified by the following serial numbers;

    1. 23009571;
    2. 23009572;
    3. 23009575;
    4. 23009579;
    5. 23009581;
    6. 23009582

v)     Two (2) .45 caliber silencers, identified by the following serial numbers:

    1. MK 237158;
    2. MK 237159;

vi)     Ten (10) DSA Inc, SA-58 Slings;

vii)     Ten (10) Eotech Holographic Sites, identified by the following serial numbers:

    1.   104611;
    2.   104598;
    3.   104658;
    4.   106177;
    5.   106217;
    6.   106312;
    7.   106324;
    8.   106327;
    9.   109841;
    10. 110246;

viii)     Six (6) DSA Inc, SA-58, .308 magazines;

ix)     Six (6) Surefire Pressure Grip Light System;

x)     Springfield Arms Carlos Hathcock .30 caliber sniper rifle, serial number GF42587;

xi)     Two (2) bipods;

xii)     Springfield Arms .30 cal magazine;

xiii)     Springfield Arms sniper scope;

5

xiv)    Smith & Wesson .50 caliber pistol, serial number CHE4192, and case;

xv)     Forty-eight (48) Mark 23 .45 automatic magazines;

xvi)    Two (2) cloth pistol cases;

xvi)    Five (5) cloth carrying cases for Mark 23 H&K;

xvii)   One hundred ninety-nine (199) rounds of Smith & Wesson 500 .50 caliber
        ammunition;

xviii)  Eleven (11) Guardforce lockable gun hard cases;

xix)    Ninety-four (94) DSA .308 magazines;

xx)     One Hundred-Twenty (120) H&K 53, 5.56 Cal., magazines;

xxi)    Twenty (20) Slings for H&K 53, 5.56 Cal.;

xxii)   Box Containing Nine (9) Rifle Manuals;

xxiii)  Bag of Miscellaneous parts containing seventy-eight (78) items; and

xxiv)   Box of Miscellaneous parts containing thirty-four (34) items.

4.    The following properties, which have not been subject to previous restraint, are also

subject to forfeiture as proceeds of the criminal activity to which defendant has pled

guilty:

a.    $50,000 located within a Certificate of Deposit located in account number
      5894559057 at BB&T Bank;

b.    $66,000 in U.S. currency currently on deposit in a Treasury Department Suspense
      Account; and

c.    one baby grand piano, located at the 5610 Spreading Branch Rd property.

5.    Accordingly, Defendant's interest in the above referenced property in paragraphs 2-4

above (the "Subject Property"), is hereby deemed forfeited to the United States pursuant

to 18 U.S.C. §§ 981 and 982, and 28 U.S.C. § 2461.

6

6.      The Court has further determined that the Defendant shall forfeit to the United States the sum of $3,600,000.00 pursuant to Title 18, United States Code, § 981 and Title 28, United States Code § 2461, and Title 18, United States Code § 982. This money judgment is to be satisfied, in part, by the assets identified in paragraphs 1-4 of this Order. Two additional properties, one (1) Slotter & Co. Black Powder Rifle and one (1) unmarked black powder muzzle loader rifle, have been identified as available substitute property, as the Defendant has admitted his ownership thereof, and are hereby deemed forfeited as such and in additional partial satisfaction of the money judgment.

7.      The United States Attorney General or his designee is hereby authorized to seize the real property located at 5610 Spreading Branch Road, Hope Mills, NC, 28348, and to conduct any discovery proper in disposing of the property, in accordance with Fed. R. Crim. P. 32.2(b)(3). The United States Marshals Service shall be allowed to take immediate possession pending the entry of a Final Order of Forfeiture with respect to this property, subject to any rights granted in any Occupancy Agreement entered into between the United States Marshals Service and the current occupant of the residence located on the real property.

8.      Those assets currently subject to seizure shall remain in the custody of the various seizing agencies pending the entry of a Final Order of Forfeiture, and the United States Attorney General or his designee is hereby authorized to seize the additional assets identified in Paragraph 4a. and 4c. above pursuant to Rule 32.2(b)(3).

9.      Upon entry of this Order, the United States Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing

7

third party rights, including giving notice of this Order.

10. The United States shall publish notice of the order and its intent to dispose of the Subject Property in such a manner as the United States Attorney General (or a designee) may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property.

11. Any person, other than the above named defendant, asserting a legal interest in the Subject Property may, within thirty (30) days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 28 U.S.C. § 2461(c) which incorporates 21 U.S.C. § 853(n).

12. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

13. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

14. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal

8

Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

15. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

16. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

17. The Clerk of the Court shall forward four certified copies of this order to Patrick T. Murphy, Trial Attorney, Asset Forfeiture and Money Laundering Section, U.S. Department of Justice.

SO ORDERED:

Dated: Jan. 24, 2007

_____
HONORABLE COLLEEN
KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE

9